Harper J.
delivered the opinion of the Court.
The only English authority which I have found apparently applicable to this case, is that of Duplein v. De Roven, 5 Vern. 540. In that case it was held, that a judgment recovered in, *219 France, was only a simple contract debt, and that the English statute of limitations would run to bar it. The question has been fully considered in the cases of Nash v. Tupper, 1 Caine, 402, and Pearsall v. Dwight, 2 Mass. 84, in which it was held, that where a contract was made in one State, and an action afterwards brought upon it in another, the law of the State, in which the action was brought, must govern with respect to the limitation, and not that of the State in which the contract was , made.
The principle is, that the lex loci contractus is to be observed in deciding on the nature, validity and construction of the contract: but the form of the action, the course of judicial proceedings, and the time when the action must be commenced, must be directed exclusively by the laws of the State, in which the action is brought. The doctrine is recognized in Ruggles v. Keeler, 3 Johns. 261. It is supposed to have been drawn from Huber Præl. Tom. 2. Lib. 1. Til. 3. “ De Conjlictu Legumand in general I suppose it is not questionable. Wo should not be at liberty, I think, to depart from the doctrine thus settled on admitted general principles, though cases of individual hardship might be the result of adhering to it. In Pearsall v. Dwight, Chief Justice Parsons observes, that by going into New-York, and making the contract there, the defendants must be considered to have been inhabitants of New-York for the time; yet he held that the statute of Massachusetts must govern. 2 Mass. 89. In the present case it does not appear whether the defendant went to Philadelphia to purchase the goods or not: all that we know of him is, that he is now a resident of the State of South-Carolina. Dealing with a resident of this State, I see no hardship in requiring the plaintiff to take notice of the laws of the State, limiting his remedy for breach of contract. The motion for new trial must therefore be granted.